:

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

**MISS LEBANON COMMITTEES**
**S.A.R.L., and GRACE FARAH EID,**

        Plaintiffs,

    -vs-

**JOUMANA KAYROUZ, ELIE FARAH,**
**REACH MEDIA, MISS LEBANON EMIGRANTS**
**USA, LLC, and JOHN DOES ORGANIZERS OF**
**"MISS LEBANON EMIGRANTS",**

        Defendants.

Case No.  2:12-cv-12188-PJD-MJH

Hon. Patrick J. Duggan

___

| | |
|---|---|
| SAM M. FAKIH (P68876) | STEVEN SUSSER (P52940) |
| FAKIH & ASSOCIATES PLLC | CARLSON, GASKEY & OLDS |
| Attorneys for Plaintiff | Attorney for Defendant Kayrouz |
| 16030 Michigan Avenue Ste 200 | 400 W. Maple Road, Ste 350 |
| Dearborn MI  48126 | Birmingham, MI 48009 |
| (313) 846-6300 | (248) 283-0734 |
| sfakih@fakihlaw.com | ssusser@cgolaw.com |

___

## FIRST AMENDED COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

This is an action by Plaintiffs, Miss Lebanon Committees S.A.R.L. and Grace Farah Eid ("Plaintiffs"), to recover damages arising from infringement of their trademarks by Joumana Kayrouz, Elie Farah, Reach Media, John Doe Organizers of "Miss Lebanon Emigrants" pageant, and Miss Lebanon Emigrants USA, LLC, ("Defendants") and to enjoin Defendants' future infringement through its organization and advertising of its event, "Miss Lebanon Emigrants USA 2012", Defendants have infringed on Plaintiff's trademarks of "Miss Lebanon Emigrant", and violated the Lanham Act by falsely designating the origin of the trade name and engaged in unfair competition.  As a result, Plaintiffs seek damages and injunctive relief.

**JURISDICTION AND VENUE**

1. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331, 1338(a), 1338(b), and 15 U.S.C. § 1121, as it involves substantial claims arising under the United States Trademark Act of 1946, 15 U.S.C. §1051 *et seq.,* together with related claims under state law.

2. This Court has supplemental jurisdiction over Defendants' claims arising under the laws of the State of Michigan pursuant to 28 U.S.C. § 1367(a) because these claims are so related to Defendants' claims under federal law that they form part of the same case or controversy and derive from a common nucleus of operative fact.

3. Venue is proper in this Court pursuant to 28 U.S.C. §1391(b) and §1400(a) because: (a) the acts of infringement and other wrongful conduct alleged occurred in the Eastern District of Michigan; (b) "Miss Lebanon Emigrants" event is scheduled to be conducted in the Eastern District of Michigan; and (c) "Miss Lebanon Emigrants" event and Defendants have a sufficient connection with the Eastern District of Michigan to make venue proper in this district, all as alleged in this Complaint.

4. This Court has personal jurisdiction over the Organizers of "Miss Lebanon Emigrants" event or organization which conducts business within the State of Michigan.

5. This Court has personal jurisdiction over Joumana Kayrouz as she conducts business in Southfield, Michigan.

6. This Court has personal jurisdiction over Elie Farah, as he conducts business within the State of Michigan.

7. This Court has personal jurisdiction over Reach Media as it conducts business in the State of Michigan.

8. This Court has personal jurisdiction over Miss Lebanon Emigrants USA, LLC as it conducts business in the State of Michigan.

## NATURE OF ACTION

9. This is an action for the use of false designations of origin and false and misleading descriptions and representations in violation of the Trademark Act of 1946, 15 U.S.C. § 1125(a); unfair competition in violation of the common law of the state of Michigan; and violations of the Michigan Consumer Protection Act, M.C.L. § 445.901 *et seq.*

## THE PARTIES

10. Plaintiff Miss Lebanon Committee S.A.R.L is an organization organized and existing under the government of Lebanon, with its authorized United States agent, Grace Farah Eid, who resides in the State of Virginia.

11. Upon information and belief, Defendant Joumana Kayrouz is the President of the organization and conducts business at 1000 Town Center, Suite 780, Southfield, Michigan 48075.

12. Upon information and belief, Defendant Elie Farah is the Executive Director of the organization and conducts business within the State of Michigan.

13. Upon information and belief, Defendant Reach Media is a Company organized under the State of New York and conducts business within the State of Michigan.

14. Upon information and belief, Defendants John Does Organizers of "Miss Lebanon Emigrants" are individuals who conduct business within the State of Michigan.

15. Upon information and belief, Defendant Miss Lebanon Emigrants USA, LLC, is a New Jersey Limited Liability Company that conducts business within the State of Michigan.

**FACTS UNDERLYING THE CLAIM FOR RELIEF**

16. Miss Lebanon Committee S.A.R.L and its director Antoine Maksoud have directed over 140 international beauty pageant events throughout the world.

17. Miss Lebanon Committee S.A.R.L has the sole rights to organize and conduct the "Miss Lebanon Emigrant" beauty pageant and has done so since 2000.

18. "Miss Lebanon Emigrant USA" is a beauty pageant which has been held in the United States since 2010. The pageant allows the winner to compete in Lebanon for the title of "Miss Lebanon Emigrant".

19. Miss Lebanon Committee S.A.R.L trademarked the name, "Miss Lebanon Emigrant" on March 11, 2004, in accordance to the laws of the Lebanese Republic, Registration Certificate of a Trademark Number 97145 (*See* **Exhibit 1 – Trademark Registration Certificate**). The trademark is still valid and has never been challenged.

20. Miss Lebanon Committee S.A.R.L and Eid have been using the name "Miss Lebanon Emigrant" for many years, advertising across the United States under this mark, and conducting the "Miss Lebanon Emigrant" pageants in the United States since 2010. (*See* **Exhibit 2 – Miss Lebanon Emigrant 2004 Pageant Program and Exhibit 3 – 2009 Program**).

21. Plaintiffs Miss Lebanon Committee S.A.R.L and Eid have used extensive advertising through television, radio, print, and with live promoters to reach their targeted market of Lebanese Americans living in the United States. (*See* **Exhibit 4 – Plaintiffs' Flyer**).

22. Upon information and belief, Defendants have been aware that Plaintiffs use the name "Miss Lebanon Emigrant," and at least one of its members have attended and/or competed in Plaintiffs' "Miss Lebanon Emigrant USA 2011" beauty pageant.

4

23. Notwithstanding its aforesaid knowledge, upon information and belief, Defendants recently organized an event under the name "Miss Lebanon Emigrants" in violation of federal and state laws and in contravention of Plaintiffs' trademark rights. (*See* **Exhibit 5 – Defendants' Flyer** and **Exhibit 6 – Defendants' Website**).

24. Upon information and belief, Defendants are conducting their event with the intent to confuse and mislead the public into believing that the Defendants' event is one and the same as Plaintiffs' event.

25. Plaintiff's trademark name "Miss Lebanon Emigrant" has been damaged and is likely to be further damaged by Defendants' wrongful use of the marks in that the public is likely to be inducted into attending Defendants' event in the erroneous belief that they are one and the same, or that the Defendants' events are endorsed, sponsored, or approved by Plaintiffs, which they are not.

**CLAIMS FOR RELIEF**

**COUNT I**
**FEDERAL UNFAIR COMPETITION, 15 U.S.C.§1125(a)**

26. Plaintiffs repeat and re-allege paragraphs 1 through 25 as if set forth herein.

27. Because Plaintiffs advertise and market under the trademarks described in this Complaint, these trademarks are the means by which Plaintiffs' events are distinguished from the events of others in the same or related fields.

28. Because of Plaintiffs' continuous and exclusive use of these trademarks, they have come to mean, and are understood by the public, to signify the beauty pageant of Miss Lebanon Emigrant, which is endorsed by the Lebanese Republic.

29. Upon information and belief, Defendants engaged in such wrongful conduct with the willful purpose of misleading, deceiving, or confusing customers and the public as to the origin and authenticity of the event with Plaintiffs' marks, names, and events upon Plaintiffs' good will and reputation.

30. Defendants' wrongful conduct is likely to continue unless restrained and enjoined.

31. As a result of Defendants' wrongful conduct, Plaintiffs have suffered and will continue to suffer damages. Plaintiffs are entitled to injunctive relief and to an order compelling the Defendants to discontinue operating under the name, "Miss Lebanon Emigrants." Plaintiffs have no adequate remedy at law for Defendants' wrongful conduct, because, among other things (a) Plaintiffs' marks, name and designs have no readily-determinable market value; (b) Defendants' advertising and marketing constitutes harm to Plaintiffs such that it could not be made whole by any monetary reward; and (c) Defendants' wrongful conduct, and the resulting damage to Plaintiff is continuing.

## COUNT II
## FALSE DESIGNATIONS OF ORIGIN 5 U.S.C.§1125(a)

32. Plaintiffs repeat and re-allege paragraphs 1 through 31 as if set forth herein.

33. Because Plaintiffs advertise and market under the trademarks described in this Complaint, these trademarks are the means by which Plaintiffs' events are distinguished from the events of others in the same or related fields.

34. Because of Plaintiffs' continuous and exclusive use of these trademarks, they have come to mean, and are understood by the public, to signify the beauty pageant of "Miss Lebanon Emigrant".

35. Upon information and belief, Defendants engaged in such wrongful conduct with the willful purpose of misleading, deceiving, or confusing customers and the public as to the

6

origin and authenticity of the event with Plaintiffs' marks, names, and events upon Plaintiffs' good will and reputation.

36. Defendants' wrongful conduct is likely to continue unless restrained and enjoined.

37. As a result of Defendants' wrongful conduct, Plaintiffs have suffered and will continue to suffer damages. Plaintiffs are entitled to injunctive relief and to an order compelling the Defendants to discontinue operating or using the name, "Miss Lebanon Emigrants" Plaintiffs have no adequate remedy at law for Defendants' wrongful conduct, because, among other things (a) Plaintiffs' marks, name and designs have no readily-determinable market value; (b) Defendants' advertising and marketing constitutes harm to Plaintiffs such that it could not be made whole by any monetary reward; and (c) Defendants' wrongful conduct, and the resulting damage to Plaintiffs is continuing.

## COUNT III
## FALSE AND MISLEADING REPRESENTATIONS, 15 U.S.C.§1125(a)

38. Plaintiff repeats and re-alleges paragraphs 1 through 37 as if set forth herein.

39. Because Plaintiffs advertise and market under the trademarks described in this Complaint, these trademarks are the means by which Plaintiffs' events are distinguished from the events of others in the same or related fields.

40. Because of Plaintiffs' continuous and exclusive use of these trademarks, they have come to mean, and are understood by the public, to signify the beauty pageant of "Miss Lebanon Emigrant".

41. Upon information and belief, Defendants engaged in such wrongful conduct with the willful purpose of misleading, deceiving, or confusing customers and the public as to the origin and authenticity of the event with Plaintiffs' marks, names, and events upon Plaintiffs' good will and reputation.

7

42. Defendants' wrongful conduct is likely to continue unless restrained and enjoined.

43. As a result of Defendants' wrongful conduct, Plaintiffs have suffered and will continue to suffer damages. Plaintiffs are entitled to injunctive relief and to an order compelling the Defendants to discontinue operating or using the name, "Miss Lebanon Emigrants." Plaintiffs has no adequate remedy at law for Defendants' wrongful conduct, because, among other things (a) Plaintiffs' marks, name and designs have no readily-determinable market value; (b) Defendants' advertising and marketing constitutes harm to Plaintiffs such that it could not be made whole by any monetary reward; and (c) Defendants' wrongful conduct, and the resulting damage to Plaintiffs is continuing.

## COUNT IV
## UNFAIR COMPETITION UNDER COMMON LAW

44. Plaintiffs repeat and re-allege paragraphs 1 through 43 as if set forth herein

45. The acts and conduct of Defendants as alleged above in this Complaint constitute unfair competition pursuant to the common law of the State of Michigan.

46. Defendants' acts and conduct as alleged above have damaged and will continue to damage Plaintiffs and have resulted in an illicit gain of profit to Defendants in an amount that is unknown at the present time.

## COUNT V
## MICHIGAN CONSUMER PROTECTION ACT, M.C.L. §445.903

47. Plaintiffs repeat and re-allege paragraphs 1-46 as though set forth herein

48. Defendants engage in trade or commerce within the meaning of the Michigan Consumer Protection Act ("MCPA"), M.C.L. §445.901 *et seq.*

49. The acts and conduct of Defendants are likely to cause confusion and mistake among customers and the public as to the origin and association of Defendants' infringing on the name, "Miss Lebanon Emigrant." The acts and conduct of Defendants are likely to lead the public to conclude, incorrectly, that the beauty pageant marketed and advertised by Defendants originates with, is sponsored by, or is authorized by Plaintiffs, to the damage and harm of Plaintiffs.

50. The acts and conduct as alleged above in this Complaint constitute Defendants' violation of the MCPA, including but not limited to, subsections M.C.L. §445.903(1)(a),(b), and (c).

51. Plaintiffs have suffered a loss as a result of Defendants' violations of the MCPA, including loss of customers, dilution of goodwill, confusion of existing and potential customers, injury to its reputation, and diminution in the value of its trademarks.

52. As a result, Plaintiffs are entitled to recover damages, actual or statutory, whichever is greater, and injunctive relief as requested herein, together with attorneys' fees pursuant to M.C.L. §445.911.

## COUNT VI
## TRADEMARK DILUTION

53. Plaintiffs repeat and re-allege paragraphs 1 through 52 as if set forth herein

54. Defendants' aforesaid acts are likely to dilute the distinctive quality of the famous Miss Lebanon Committee S.AR.L.'s marks, in violation of 15 U.S.C. §1125(c).

55. On information and belief, Defendants engaged in the aforesaid acts with the intent to use Plaintiffs' reputation or to cause dilution of the famous Miss Lebanon Committee S.A.R.L.'s marks.

56. Defendants' aforesaid acts have caused and will continue to cause great and irreparable injury to Plaintiffs and, unless such acts are restrained by this Court, they will be continuing and Plaintiffs will continue to suffer great and irreparable injury.

57. Plaintiffs have no adequate remedy at law.

58. As a result of Defendants' actions, Plaintiffs have suffered, and will continue to suffer, money damages in an amount to be proven at trial.

WHEREFORE, Plaintiff prays for judgment against Defendants as follows:

1. That Defendants, its agents, servants, employees, attorneys, successors, and assigns, and any and all persons acting in concert or participating with them or their successors or assigns or any of them, be preliminary and permanently enjoined and restrained from directly or indirectly:

    a. Using the "Miss Lebanon Emigrant" name and marks, or any reputation, copy, or colorable imitation of said name, in connection with the event, that is not the genuine "Miss Lebanon Emigrant" beauty pageant.

    b. Using the "Miss Lebanon Emigrant" name and marks, or any reproduction, copy, or colorable imitation of the same, in any manner likely to cause others to believe that Defendants' pageant is connected with Plaintiffs' pageant.

    c. Making any false or misleading statements regarding Plaintiffs or their event, or the relationship between Plaintiffs, on the one hand, and Defendants, on the other hand;

    d. Committing any other acts calculated to cause the public to believe that the Defendants' event is the genuine Miss Lebanon Emigrant pageant.

    e. Assisting, aiding, or abetting any other person or business entity in engaging in or performing any of the activities referred to in the above subparagraphs (a) through (d).

2. That Defendants and any and all persons controlled by or acting in concert with Defendants be required to discontinue using the name, "Miss Lebanon Emigrants."

3. That this case be found exceptional and Plaintiff be awarded its attorney fees pursuant to 15 U.S.C. §1117(a).

4. That Plaintiffs recover the damages arising out of Defendants' wrongful acts in a sum equal to three times the actual damages suffered by Plaintiffs, as provided in 15 U.S.C. §1117(b).

5. That Plaintiffs be awarded statutory damages in lieu of actual damages, as provided in 15 U.S.C. §1117(c).

6. That Plaintiffs recover the taxable costs of this civil action, including reasonable attorneys' fees and interest.

7. That Defendants be ordered to file with the Court and serve upon Plaintiff, within thirty (30) days after the service of the injunction upon Defendants, a report in writing under oath setting forth in detail the manner and form in which Defendants have complied with the injunction and judgment entered pursuant to this Complaint.

8. That Plaintiffs receive such other and further relief as this Court deems just and proper.

Dated: August 3, 2012          Respectfully Submitted,

_____
SAM M FAKIH (P68876)
FAKIH & ASSOCIATES PLLC
Attorneys for Plaintiff
16030 Michigan Avenue Ste 200
Dearborn MI 48126
(313) 846-6300