UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MISS LEBANON COMMITTEES S.A.R.L.
and GRACE FARAH EID,

        Plaintiffs,

v.                                        Case No. 12-12188
                                        Honorable Patrick J. Duggan

JOUMANA KAYROUZ, ELIE FARAH,
REACH MEDIA, MISS LEBANON
EMIGRANTS USA, LLC and JOHN
DOES ORGANIZERS OF "MISS
LEBANON EMIGRANTS",

        Defendants.
_____/

## AMENDED OPINION AND ORDER GRANTING DEFENDANTS' MOTION FOR CORRECTION OF THE RECORD OR, IN THE ALTERNATIVE, TO AMEND COUNTER-COMPLAINT

On May 17, 2012, Plaintiffs filed this action against Joumana Kayrouz, Elie Farah, Reach Media, and John Does Organizers of "Miss Lebanon Emigrants" alleging violations of the Lanham Act and the Michigan Consumer Protection Act. On July 6, 2012, Kayrouz filed a counter-complaint against Plaintiffs. Presently before the Court is Kayrouz' motion for correction of the record or, in the alternative, to amend her counter-complaint, filed pursuant to Federal Rules of Civil Procedure 60 and 15 on January 22, 2013. The motion has been fully briefed. The Court concludes that oral argument will not aid in its disposition of the motion and therefore dispenses with oral argument pursuant to Eastern District of Michigan Local Rule 7.1(f). For the reasons that follow, the Court grants Kayrouz' request to file an amended pleading.

2:12-cv-12188-PJD-MJH   Doc # 53   Filed 03/26/13   Pg 2 of 6   Pg ID 489

**Procedural Background and Arguments**

As indicated above, Plaintiffs initiated this action on May 17, 2012. On the same date, they filed *ex parte* motions for a temporary restraining order ("TRO") and preliminary injunction. This Court scheduled a hearing on the motion for a TRO for May 22, 2012. Although Defendants had not been served as of the date of the hearing, they hired counsel who appeared on their behalf. During the hearing, counsel referred to a trademark application filed in the United States Patent and Trademark Office for "Miss Lebanon Emigrants USA" by "our clients" a year prior. (5/22/12 Transcript at 10-11, 23-24, 27.) At the conclusion of the hearing, this Court denied Plaintiffs' motion for a TRO.

In her counter-complaint, filed July 6, 2012, Kayrouz identifies herself as President for Miss Lebanon Emigrants USA, LLC, a New Jersey corporation. (Kayrouz Counter- Compl. ¶ 1.) Based on this representation, Plaintiffs filed an amended complaint on August 10, 2012, adding Miss Lebanon Emigrants USA, LLC as a defendant.[1] (ECF No. 23.) Realizing that the representation concerning Kayrouz' association with Miss Lebanon Emigrants USA, LLC is incorrect and that she, in fact, has no knowledge of or connection with the entity, Kayrouz filed the pending motion.

In her motion, Kayrouz indicates that the reference to Miss Lebanon Emigrants USA, LLC (hereafter "New Jersey entity") was made erroneously. Kayrouz states in an affidavit attached to her motion that she became aware of the erroneous assertion in the

---

[1]Defendants stipulated to Plaintiffs' filing of an amended complaint. (*See* ECF No. 21.)

2

counter-complaint when Plaintiffs attempted to serve the New Jersey entity by serving
Kayrouz at her office.  (Mot. Ex. 1 ¶ 7.)  It is not clear from the parties' pleadings when
this attempt at service occurred; however, it had to have been after December 20, 2012, as
this was when Plaintiffs responded to the Court's show cause order relating to the failure
to serve the New Jersey entity and sought an additional thirty days for service.  (*See* ECF
No. 36.)

   According to electronic correspondence that Kayrouz' counsel sent to Plaintiffs'
counsel on January 16, 2013, Kayrouz' counsel believed that he first alerted Plaintiffs'
counsel to the mis-statement in a phone conversation on December 19, 2012.  (Mot. Ex.
2.)  The e-mail indicates that Kayrouz' counsel had requested permission to amend the
counter-complaint at that time, but Plaintiffs' counsel refused.  (*Id*.)  Kayrouz therefore
filed the pending motion.  Because Plaintiffs' counsel declined to stipulate to the
requested relief, Kayrouz seeks fees and costs for having to file the motion.

   Plaintiffs argue in response that Kayrouz' reliance on Rule 60 to strike the mis-
statement is misplaced and that she fails to cite any other authority for such relief.  As to
Kayrouz' request for leave to file an amended pleading, Plaintiffs contend that bad faith
and prejudice warrant the denial of the request.  Plaintiffs argue that Kayrouz' mis-
statement was made in bad faith and that Plaintiffs suffered prejudice as a result of the
misstatement as it precipitated the need to file an amended complaint, delay in the
proceedings while Plaintiffs attempted to serve the New Jersey entity, and delay in
discovery until counsel for the New Jersey entity enters his or her appearance.

If Kayrouz is granted leave to amend, Plaintiffs seek reimbursement of the costs and fees it incurred having to file its amended complaint, serving the New Jersey entity, and responding to the motion.

## Applicable Law and Analysis

Federal Rule of Civil Procedure 60, entitled "Relief from a Judgment or Order," provides in relevant part that "the court may correct a clerical mistake or mistake arising from oversight or omission whenever one is found in a judgment, order, or other part of the record." Fed. R. Civ. P. 60(a). The Sixth Circuit Court of Appeals has explained that "[t]he basic purpose of the rule is to authorize the court to correct errors that are mechanical in nature that arise from oversight or omission." *In re Walter*, 282 F.3d 434, 440 (2002) (citing 11 C. Wright & A. Miller, Federal Practice and Procedure § 2854, at 240 (2d ed.1995)). This Court does not believe the rule applies to the type of error at issue here.

Nevertheless, Rule 15(a) allows a party to amend a pleading and provides that leave to amend is freely granted "when justice so requires." Fed. R. Civ. P. 15(a)(2). The Supreme Court interprets the rule as requiring courts to grant an amendment "[i]n the absence of any apparent or declared reason– such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment . . .." *See Foman v. Davis*, 371 U.S. 178, 182, 83 S. Ct. 227, 230 (1962). Prejudice may result from delay, but "[d]elay by itself is not

4

sufficient reason to deny a motion to amend. Notice and substantial prejudice to the opposing party are critical factors in determining whether an amendment should be granted." *Brooks v. Celeste*, 39 F.3d 125, 130 (6th Cir. 1994) (citing *Head v. Jellico Hous. Auth.*, 870 F.2d 1117, 1123 (6th Cir. 1989) (quoting *Hagerman v. Signal L.P. Gas, Inc.*, 486 F.2d 479, 484 (6th Cir. 1973))).

This Court cannot conclude that the mis-statement in Kayrouz' counter-complaint was made in bad faith, as Plaintiffs argue. But even if it could make such a finding, her request to *amend* is not brought in bad faith; rather it is sought to correct the record. Similarly, the filing of an amended counter-complaint would not be the cause of Plaintiffs' asserted prejudice. Instead, the prejudice asserted was a result of the mis-statement itself. Allowing Kayrouz to file an amended counter-complaint to remove the mis-statement will not delay the proceedings. While Plaintiffs may choose to seek leave to file an amended complaint as a result– a request that should be accomplished through stipulation and not require the filing of a motion– this should not cause delay in the litigation. According to Kayrouz, Plaintiffs have been pursuing discovery with or without the entry of an attorney's appearance on behalf of the New Jersey entity.

The Court finds that neither party is entitled to an award of the costs and/or fees associated with the actions they have had to take or will have to take because of what has occurred or will need to occur as a result of the Court granting Kayrouz' request to amend. While the Court believes that it would have been reasonable for Plaintiffs' counsel to have consented to the amendment, it accepts his reason for not doing so. The

5

Court cannot conclude that Kayrouz or her counsel engaged in bad faith to warrant sanctions for the mis-statement or costs and fees caused therefrom. Notably, Kayrouz' attorney informed Plaintiffs' counsel of the error before service was attempted on the New Jersey entity and the costs of filing another amended complaint should be minimal.

## Conclusion

For the reasons stated, the Court holds that Kayrouz should be permitted to file an amended counter-complaint in order to correct a previously asserted error. The Court declines to award either party sanctions.

Accordingly,

**IT IS ORDERED**, that Defendant Joumana Kayrouz' motion to amend her counter-complaint is **GRANTED**. Defendant shall file the amended counter-complaint within 7 days.

Dated: March 26, 2013                    s/PATRICK J. DUGGAN
                                        UNITED STATES DISTRICT JUDGE

Copies to:
Timothy E. Galligan, Esq.
Steven Susser, Esq.
Brian B. Brown, Esq.

6